```
            UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
                                   :
CHRISTOPHER GREEN,                 :
             Petitioner            :    No. 4:CV-06-2461
                                   :
      vs.                          :    (Petition Filed 12/26/06)
                                   :
                                   :    (Judge Muir)
WARDEN, USP-Lewisburg,             :
                                   :
             Respondent            :
```

**ORDER**

January 28, 2008

Petitioner, Christopher Green, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Southern District of Georgia. Specifically, Green seeks to be re-sentenced on his federal sentence, after successfully challenging two state court sentences that were used to enhance his federal sentence. A response (Doc. No. 6) and traverse (Doc. Nos. 8-10), having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will transfer the petition to the United States District Court for the Southern District of Georgia.

**Procedural Background**

On April 18, 1997, petitioner and twenty-three co-defendants were indicted by a Grand Jury. Green was charged in Count One (1) of the indictment with conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846, and in Counts fourteen (14) and fifteen (15) with willfully and unlawfully possessing with intent to distribute crack (cocaine base), in violation of 21 U.S.C. § 841(a). U.S. v. Baisden et al., Criminal Action NO. 5:97-CR-00003 (S.D. Georgia (Waycross Division))(Doc. No. 6-2, Ex. 1, docket sheet).

On October 21, 1997, after a jury trial, a guilty verdict was returned against Green, as to counts 1, 14 and 15. Id. On December 23, 1997, Green was sentenced to life imprisonment on counts 1 and 15, and 360 months on Count 14 to be served concurrently, and assessed $300.00. Id. He was ordered ineligible for all federal benefits permanently. Id.

On December 31, 1997, petitioner filed an appeal with the United States Court of Appeals for the Eleventh Circuit. Id. On August 17, 1999, Green's conviction was affirmed by the

2

United States Court of Appeals for the Eleventh Circuit.  See United States v. Baisden, No. 98-8010-AA, (11th Cir. 1999)(Doc. No. 6-2, Ex. 2, docket sheet).  Following a denial of the petition for rehearing of defendants other than Green, the appeal was closed and a mandate was issued on December 14, 1999.  Id.  No petition for certiorari to the United States Supreme Court was filed.

On August 28, 2001, Green filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Green v. United States, Civil Action No. 5:01-CV-00070 (U.S. D.C. Georgia Aug. 28, 2001)(Doc. No. 6-2, Ex. 3, docket sheet).  By Order dated March 12, 2002, the District Court dismissed petitioner's § 2255 motion as untimely.  Id.

On October 3, 2005, the Supreme Court of Georgia declared Green's Georgia State convictions, used to enhance his federal sentence, unconstitutional.  (Doc. No. 5, Ex. B).

On December 14, 2005, Green filed another motion to vacate, set aside, or correct sentence, pursuant to § 2255.  Green v. United States, Civil Action No. 5:05-CV-00088 (U.S. D.C. Georgia Dec. 14, 2005)(Doc. No. 6-2, Ex. 4, docket sheet).  On April 12, 2006, petitioner's § 2255 motion was dismissed as

3

being a successive petition, filed without prior approval from the United States Court of Appeals for the Eleventh Circuit. Id.

Green then filed an application in the United States Court of Appeals for the Eleventh Circuit, seeking an order authorizing the district court to consider a second or successive motion pursuant to § 2255. In Re Christopher Green, No. 06-11406-I (11th Cir. March 21, 2006). In his application, Green argued that he was innocent of the crimes for which he received life sentences because of a successful attack on two prior state convictions. Id. By Order dated March 21, 2006, the Court of Appeals for the Eleventh Circuit denied Green's application, stating the following:

> Green asserts that this claim relies upon newly discovered evidence of a recently reversed prior state conviction. Nevertheless, "[s]ection 2255's newly discovered evidence exception...does not apply to claims asserting sentencing error." In re Dean, 341 F.3d 1247, 1248 (11th Cir. 2003)(holding that the applicant must show that the newly discovered evidence established that he was actually innocent of the offense, not merely that a sentencing error occurred). Notwithstanding Green's assertion that this new evidence proves that he "is actually innocent of the statutory offense," his claim instead seems to rest

4

> upon sentence enhancements imposed based on a statutory enhancement applied for his prior convictions. Thus, Green has pointed to no evidence that would show he is innocent of the underlying crime. In re Dean, 341 F.3d 1248.
>
> Accordingly, because Green has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby denied.

Id.

Green filed another application with the Court of Appeals for the Eleventh Circuit, which was denied on June 20, 2006, on the following: "Even assuming that Green is correct that his prior convictions have been vacated, his claim fails to satisfy the statutory criteria because this evidence fails to establish 'by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.' 28 U.S.C. 2255. The newly discovered evidence exception of § 2255 does not apply to claims asserting sentencing error. In re Dean 341 F.3d 1247, 1248 (11th Cir. 2003). Because the new evidence of Green's prior state convictions being overturned affects only his sentence and not whether he is guilty of the underlying federal offense, Green

5

cannot satisfy the statutory criteria." <u>In Re Christopher Green</u>, No. 06-13181-F (11th Cir. June 20, 2006)(Doc. No. 6-2, Ex. 6, Docket Sheet).

On June 29, 2006, Green filed another motion to vacate, set aside, or correct sentence, which was denied on October 25, 2006. <u>Green v. United States</u>, Civil Action No. 5:06-CV-00045 (U.S. D.C. Georgia June 29, 2005)(Doc. No. 6-2, Ex. 7, docket sheet).

Petitioner then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he requests that this Court vacate the sentence and remand the case for resentencing without reference to the enhancements. (Doc. No. 1, petition).

**DISCUSSION**

Petitioner contends that he is entitled to relief pursuant to § 2241 because a § 2241 petition for habeas corpus is appropriate "when the event or events triggering the constitutional violation or violations take place after the imposition of sentence." (Doc. No. 8, p. 6). Green relies upon the case of <u>Poole v. Dotson</u>, 469 F.Supp 2d. 329 (D.Md. 2007) as persuasive authority for his position that the

6

district court has jurisdiction to entertain his petition and prevent a miscarriage of justice.

In 1997, Mr. Poole was convicted of possession with intent to distribute cocaine base and sentenced to 262 months' imprisonment, 10 years' supervised release. At the time of sentencing, Poole had two prior felony convictions, one for a robbery and one for possession with intent to distribute. As a result of the prior convictions, Poole was subject to the career offender guidelines (USSG 4B1.1 et seq.), which increased the sentence by almost ten (10) years. The Court of Appeals for the Fourth Circuit affirmed.

In 1999, Mr. Poole filed a § 2255 motion to vacate, set aside or correct sentence claiming ineffective assistance of counsel. In February 2002, the district court denied the § 2255 motion. The § 2255 motion did not attack the use of the career offender guidelines or the procedures used to increase the sentence.

In October, 2002, the state court notified Mr. Poole that the 1991 conviction for possession with intent to deliver had been revised in favor of a judgment for possession of cocaine, a misdemeanor.

7

Mr. Poole filed a second § 2255 motion attacking the federal sentence on the grounds that he was not a career offender. The district court judge declined to hear the § 2255 motion, and directed Poole to obtain authorization from the appellate court. The Court of Appeals for the Fourth Circuit refused to authorize the second § 2255 motion.

On April 7, 2003, Mr. Poole filed a motion seeking relief from the judgment pursuant to Rule 60(b) F.R.Civ.P. On July 28, 2004, the district court denied the motion as an end run around the rule precluding second or successive § 2255 motions.

On May 31, 2006, Mr. Poole filed a petition for habeas corpus under 28 U.S.C. § 2241. The government argued that the petition should be denied because (a) the district court lacked jurisdiction over the petition, (b) even if the Court has jurisdiction, Mr. Poole could not show that the § 2255 remedy was inadequate or ineffective and (c) even if the Court were to reach the merits, Mr. Poole could not show the conviction was vacated on grounds of innocence, legal error, or constitutional error.

On January 12, 2007, the district court granted Poole's habeas corpus petition. The district court found that the § 2241 remedy is available to correct a "fundamental defect" which occurs when a criminal defendant is innocent of the sentence imposed, citing United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994).

The Poole case is distinguishable from the present case because the district court that granted Poole's habeas petition was the court that initially imposed the sentence on Poole.  We are faced with the situation where another jurisdiction, the District Court in Georgia, imposed the sentence and the petitioner is requesting that he be resentenced.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a § 2255 motion.  See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Here, Petitioner is clearly challenging his sentence.  Thus, his proper avenue of relief is a § 2255

9

motion filed in the district court where he was convicted and sentenced. See § 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive § 2255 motion "does not make § 2255 inadequate or ineffective."). The Petitioner has

the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Green has already filed several motions pursuant to § 2255 in the Southern District of Georgia. Additionally, he has filed several requests in the Court of Appeals for the Eleventh Circuit seeking permission to file second or successive § 2255 motion. However, as Green notes, his requests to file a second or successive § 2255 motion have been rejected by the Court of Appeals for the Eleventh Circuit.

However, there is no indication that Green attempted to obtain relief under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia.

11

Furthermore, it is not clear that the remedy under § 2255 is inadequate or ineffective. Consequently, we will transfer the case to the sentencing court.  See 28 U.S.C. § 2244(a).[1]

This Court finds that the United States Supreme Court's decision in Johnson v. United States, 544 U.S. 295 (2005), is instructive, and may afford Green a remedy pursuant to § 2241 or § 2255 in the United States District Court for the Southern District of Georgia.

Habeas petitions brought pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255, ¶ 6. In relevant part, that limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255, ¶ 6(4). In Johnson, the

---

1.  28 U.S.C. § 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as proved in Section 2255.

12

Supreme Court made clear that the vacatur of a state conviction does qualify as a "fact" under § 2255, ¶ 6(4), and that the limitations period thus begins to run on the date on which the petitioner received notice of the state court vacatur. See Johnson, 544 U.S. at 305-307.

However, Johnson also requires that § 2255 petitioners show due diligence in obtaining the vacatur of their predicate state court conviction in order to rely on the Paragraph Four limitations period. See id. at 307- 308.  Diligence is shown by the petitioner's prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence. Id. at 308.  Where the petitioner in Johnson filed his state habeas petition more than three years following entry of judgment, his actions "fell far short of reasonable diligence in challenging the state conviction." Id. at 310.  Moreover, the Court held that Johnson's explanations for the delay (namely, his lack of sophistication and pro se status) did not excuse his dilatoriness. Id. With a delay greater than three years in seeking state court relief and without any excusable basis for the delay, Johnson's

13

failure to exercise due diligence rendered his habeas petition untimely under § 2255, ¶ 6(4). Id.

In Green's case, the state court vacated his prior conviction on October 3, 2005. Under Johnson this qualified as a "fact supporting the [habeas] claim" and Green had one year from receiving notice of the vacatur to file his federal § 2255 petition. Because Green timely filed a petition in the United States District Court for the Southern District of Georgia, pursuant to § 2255, on December 14, 2005, he has clearly satisfied Johnson's first requirement.[2]

In light of Johnson we are of the view that the case should be transferred to the United States District Court for the Southern District of Georgia for further consideration of the second requirement: whether Green exercised due diligence in seeking vacatur of his state court convictions. We cannot conclude that the District Court in Georgia would not provide relief similar to the relief provided by the district court in

---

2. Although the Georgia District Court dismissed Green's § 2255 petition as being a successive petition, filed without prior approval from the United States Court of Appeals for the Eleventh Circuit, it is not clear the Georgia District Court or the Court of Appeals for the Eleventh Circuit were aware of the Johnson decision.

14

the <u>Poole</u> case, i.e., resentence Green without the invalid prior criminal record enhancements.

A court may transfer any civil action for the convenience of the parties or witnesses, <u>or in the interest of justice</u>, to any district where the action might have been brought. <u>See</u> 28 U.S.C. § 1404(a); <u>Braden v. 30th Judicial Circuit of Kentucky</u>, 410 U.S. 484 (1973). Venue for a habeas corpus petition may be transferred under § 1404(a) to a forum where the material events occurred and where the records and witnesses are located. <u>Smart v. Goord</u>, 21 F.Supp.2d 309 (S.D.N.Y. 1998); <u>Weatherford v. Gluch</u>, 708 F.Supp. 818, 820 (E.D. Mich. 1988). Since petitions for habeas corpus are civil in nature, "they are subsumed under the phrase 'any civil action.'" <u>U.S. ex rel. Meadows v. State of New York</u>, 426 F.2d 1176, 1183, n.9 (2d Cir. 1970).  Because the petition could have and was brought in the district of Georgia, that district is the most appropriate forum.  Thus, for the convenience of the parties and <u>in the interest of justice</u>, the petition will be transferred to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a).

15

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to **TRANSFER** the above captioned case to the United States District Court for the Southern District of Georgia (Waycross Division).

2. The Clerk of Court is directed to **CLOSE** the case.

      s/Malcolm Muir
      MUIR
      United States District Judge